IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER MEALS,** On Behalf of Himself and All Others Similarly Situated | ) ) ) | Civil Action No. |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| **KEANE FRAC GP LLC,** **KEANE FRAC, LP, and** **KEANE GROUP HOLDINGS, LLC** | ) ) ) ) | |
| Defendants | ) ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**CLASS ACTION, COLLECTIVE ACTION, AND JURY**
**DEMAND**

Plaintiff Christopher Meals, individually and on behalf of all others similarly situated, files this Complaint against Defendants Keane Frac GP LLC, Keane Frac, LP, and Keane Group Holdings, LLC (collectively as "Defendants" or "Keane"), and states as follows:

1. The Fair Labor Standards Act ("FLSA") requires employers to include all compensation when determining their employees' regular rate of pay. Defendants failed to include non-discretionary bonuses in its employees' regular rates of pay. Consequently, Defendants owes Plaintiff and its other hourly, bonused employees back pay at the rate of time and one-half for all hours worked over 40 in a workweek, liquidated damages, attorneys' fees and court costs.

2. Plaintiff sues on behalf of himself and all other similarly situated hourly employees who received bonuses pursuant to 29 U.S.C. § 216(b).

3. Plaintiff and the employees he seeks to represent under this FLSA collective

action are all current and former employees of Defendants who it paid on an hourly basis with bonuses within the last three (3) years (the "FLSA Bonus Class").

4. Defendants likewise employs the same illegal pay practices within Pennsylvania. Defendants' failure to include bonuses into employees' regular rate of pay violates the Pennsylvania Minimum Wage Act ("PMWA"). *See* 34 Pa. Code § 231.43. As such, Plaintiff brings this action under the PMWA pursuant to Fed. R. Civ. P. 23 on behalf of all hourly paid employees who received bonuses and worked in Pennsylvania (the "Pennsylvania Bonus Class") within the last three (3) years.

5. Finally, Defendants also misclassified Plaintiff as exempt when Defendants employed him in a Supervisor I role. Plaintiff thus seeks to represent all current and former Supervisor I employees who Defendants classified as exempt and employed within the last three (3) years (the "FLSA Supervisor I Class").

6. Pursuant to Fed. R. Civ. P. 23, Plaintiff similarly seeks to represent all Supervisor I employees Defendants employed in Pennsylvania (the "Pennsylvania Supervisor I Class") within the last three (3) years because Defendants misclassification of Supervisor Is violated the PMWA.

**PARTIES**

7. Plaintiff Christopher Meals currently resides in Spring Hill, Florida. Defendants employed Plaintiff as a SEO II from approximately March 2013 through April 2014, a Treater in Training from approximately April 2014 through November 2015, and a Supervisor I from approximately November 2015 through March 2016 – all out of Defendants' offices located in New Stanton, Pennsylvania. Plaintiff's consent to become a Party Plaintiff pursuant to 29 U.S.C. § 226(b) is attached as an exhibit.

8. Defendant Keane Frac GP LLC is a Delaware limited liability company which conducts business in this judicial district and nationwide thru the internet and other media.

9. Defendant Kean Frac, LP is a Pennsylvania limited partnership which conducts business in this judicial district and nationwide thru the internet and other media.

10. Defendant Keane Group Holdings, LLC is a Delaware limited liability company which conducts business in this judicial district and nationwide thru the internet and other media.

## JURISDICTION AND VENUE

11. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

12. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to their FLSA claims that they form part of the same case or controversy.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendants have offices, conduct business, and can be found in the Western District of Pennsylvania, and the causes of action set forth herein have arisen and occurred in part in the Western District of Pennsylvania. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendants have substantial business contacts within the state of Pennsylvania.

## FLSA COVERAGE

14. At all material times, Defendants have been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

15. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

16. At all material times, Defendants have had an annual gross business volume

in excess of the statutory standard.

17. At all material times, Plaintiff, the FLSA Bonus Class Members, and the FLSA Supervisor I Class Members are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTUAL ALLEGATIONS

18. Defendants constitute an oilfield services company that operates throughout the United States including in Pennsylvania, West Virginia, Texas, and North Dakota.

19. Plaintiff Meals worked for Defendants in oilfields in Pennsylvania as a SEO II from approximately March 2013 to April 2014.

20. Plaintiff Meals then worked for Defendants as a Treater in Training from approximately April 2014 to November 2015.

21. Defendants paid Plaintiff an hourly rate while he worked for Defendants in these jobs. He routinely worked more than 40 hours each week.

22. In addition to his hourly rate of pay, Defendants also paid Plaintiff, FLSA Bonus Class Members, and Pennsylvania Bonus Class Members a job bonus. This job bonus is a non-discretionary payment.

23. The job bonus is non-discretionary because Defendants based the bonus amount on the number of completions an operator performs in the field and the revenue Defendants derived from a job at an oil well. Typically, Defendants paid the bonus once a month.

24. The job bonus represents a significant portion of Plaintiff's, FLSA Bonus Class Members', and Pennsylvania Bonus Class Members' earnings. Often the bonus payments are equal to or exceed what Defendants paid these employees monthly for the hourly earnings.

25. Defendants did not include these bonus payments in the regular rate of pay for

purposes of determining overtime.

26. By failing to do so, Defendants paid overtime at an artificially lower rate than what the law requires, and thus violated the FLSA and Pennsylvania state law.

27. Plaintiff, the FLSA Bonus Class Members, and the Pennsylvania Bonus Class Members are required to work well in excess of forty (40) hours a week. A typical work schedule demands that such workers put in more than eighty (80) hours per week.

28. Plaintiff, the FLSA Bonus Class Members, and the Pennsylvania Bonus Class Members are not exempt employees under the FLSA or the PMWA.

29. Defendants classifies Plaintiff, the FLSA Bonus Class Members, and the Pennsylvania Bonus Class Members as non-exempt employees.

30. Defendants employed Plaintiff as a Supervisor I from approximately November 2015 to March 2016.

31. Defendants paid Plaintiff a salary no matter how many hours he worked per week plus a bonus.

32. Defendants did not pay overtime compensation to Plaintiff while Defendants employed him as a Supervisor I.

33. Likewise, Defendants did not pay overtime compensation to other Supervisor Is Defendants employed.

34. Defendants suffered and permitted Plaintiff, the FLSA Supervisor I Class Members, and the Pennsylvania Supervisor I Class Members to work more than forty hours per week without overtime compensation for all hours worked. For example, Plaintiff, the FLSA Supervisor I Class Members, and the Pennsylvania Supervisor I Class Members regularly worked at six to seven days a week. They usually began work in the early morning and continued working until late in the evening which caused their hours worked to exceed forty in a week on a regular basis.

35. Defendants knew Plaintiff, the FLSA Supervisor I Class Members, and the Pennsylvania Supervisor I Class Members worked more than forty hours in a week because Defendants expected them to perform work in the oil fields from early in the morning to well into the evening and on weekends. Defendants' managers also witnessed them working these long hours in the oil fields.

36. Defendants uniformly denied Plaintiff, the FLSA Supervisor I Class Members, and the Pennsylvania Supervisor I Class Members overtime pay.

37. Defendants treated/classified Plaintiff, the FLSA Supervisor I Class Members, and the Pennsylvania Supervisor I Class Members as exempt employees, and therefore did not pay them all overtime compensation to which they are entitled, even though they routinely worked overtime hours. Defendants uniformly applied this policy and practice to all Supervisor Is.

38. Plaintiff, the FLSA Supervisor I Class Members, and the Pennsylvania Supervisor I Class Members are and were non-exempt employees who are and were entitled to overtime pay.

39. Plaintiff, the FLSA Supervisor I Class Members, and the Pennsylvania Supervisor I Class Members performed oil field manual production work, the same work performed by non-exempt, hourly employees.

40. Plaintiff, the FLSA Supervisor I Class Members, and the Pennsylvania Supervisor I Class Members did not perform duties which qualify for any "white collar" exemption or any other exemption.

41. Plaintiff, the FLSA Supervisor I Class Members, and the Pennsylvania Supervisor I Class Members did not regularly supervise the work of two or more employees.

42. Plaintiff, the FLSA Supervisor I Class Members, and the Pennsylvania Supervisor I Class Members did not exercise discretion and independent judgment as to

matters of significance.

43. Plaintiff, the FLSA Supervisor I Class Members, and the Pennsylvania Supervisor I Class Members did not perform office work related to Defendants' general business operations or its customers.

44. Plaintiff, the FLSA Supervisor I Class Members, and the Pennsylvania Supervisor I Class Members had no advance knowledge in a field of science or learning which required specialized instruction that was required to perform the job.

45. Defendants do not require Plaintiff, the FLSA Supervisor I Class Members, and the Pennsylvania Supervisor I Class Members to have a college degree to obtain a Supervisor I job.

46. All Supervisor Is are similarly situated in that they share common job duties and descriptions, Defendants treated them as exempt employees at relevant times, and they all performed work without overtime compensation.

47. Because Defendants did not pay Plaintiff, the FLSA Supervisor I Class Members, and the Pennsylvania Supervisor I Class Members for all the hours they worked including overtime hours, Defendants' wage statements did not accurately reflect compensation that Defendants was legally required to pay Plaintiff, the FLSA Supervisor I Class Members, and the Pennsylvania Supervisor I Class Members for hours they worked.

48. Defendants thus did not provide Plaintiff, the FLSA Supervisor I Class Members, and the Pennsylvania Supervisor I Class Members with accurate paychecks.

49. Defendants did not pay Plaintiff, the FLSA Supervisor I Class Members, and the Pennsylvania Supervisor I Class Members for all of their overtime hours. Accordingly, Defendants did not provide Plaintiff, the FLSA Class Members, and the Pennsylvania Supervisor I Class Members with all compensation owed to them, including their unpaid overtime, at the time they separated from the Company.

50. Defendants' actions in this case were willful and in bad faith. Defendants knew the requirement to pay overtime at the rate of time and one half the regular rates of pay of its employees but intentionally and/or willfully chose to ignore such requirements. Defendants also knew or should have known that the job bonuses were non-discretionary. Defendants intentionally and/or willfully chose to ignore the requirement to include such payments in the regular rate of pay. Defendants likewise knew or should have known that the Supervisor Is were misclassified production employees to whom Defendants was legally required to pay overtime compensation.

51. Moreover, Defendants have been sued several times for like wage and hour violations including in this District.

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff brings Count I on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees are:

> All current and former employees paid on an hourly basis with paid bonuses who worked in the United States at any time within the last three years up to the entry of judgment in this case (the "FLSA Bonus Class").

53. Plaintiff knows that FLSA Bonus Class Members exist who have been denied the FLSA's overtime premium by being subjected to the same illegal pay practices described above. Plaintiff's knowledge is based on working and talking with other employees of Defendants.

54. The FLSA Bonus Class Members are similarly situated to Plaintiff in that they share the same/similar duties and were subject to the same pay policies.

55. On information and belief, Defendants implemented the same compensation structure which failed to include paid bonuses into the regular rate of pay for all FLSA Bonus Class Members.

56. Accordingly, Plaintiff and the FLSA Bonus Class Members were subject to Defendants' policy, decision, and/or plan of failing to pay appropriate overtime compensation because Defendants failed to include paid bonuses into the regular rate of pay.

57. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Bonus Class, and as such, notice should be sent to the FLSA Bonus. There are numerous similarly situated, current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

58. Plaintiff brings Count II on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees are:

> All current and former Supervisor I employees who Defendants designated as exempt and who worked in the United States at any time within the last three years up to the entry of judgment in this case (the "FLSA Supervisor I Class").

59. Plaintiff knows that FLSA Supervisor I Class Members exist who have been denied the FLSA's overtime premium by being subjected to the same illegal pay practices described above. Plaintiff's knowledge is based on working and talking with other employees of Defendants.

60. The FLSA Supervisors I Class Members are similarly situated to Plaintiff in that they share the same/similar duties and were subject to the same pay policies.

61. On information and belief, Defendants implemented the same compensation structure under which Defendants designated all FLSA Supervisor I Class Members as exempt and did not pay them overtime compensation no matter how many hours they worked

per week.

62. Accordingly, Plaintiff and the FLSA Supervisor I Class Members were subject to Defendants' policy, decision, and/or plan of failing to pay appropriate overtime compensation because Defendants designated them as exempt.

63. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Supervisor I Class, and as such, notice should be sent to the FLSA Supervisor I Class. There are numerous similarly situated, current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ACTION ALLEGATIONS

64. Plaintiff sues on his own behalf and on behalf of the Pennsylvania Bonus Class Members and Pennsylvania Supervisor I Class Members pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

65. Defendants violated the PMWA by failing pay overtime at the legally mandated rate of time and one half the regular rate of pay for all hours worked by failing to pay overtime on a regular rate of pay inclusive of the bonuses.

66. The Pennsylvania Bonus Class is so numerous that joinder of all members is impracticable. The number of Pennsylvania Bonus Class Members is believed to number over 30. These similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

67. There are common questions of law and fact common to the members of the Pennsylvania Bonus Class that predominate over any questions solely affecting the individual members of the Class, including, without limitation:

    a. Whether Defendants failed to pay Plaintiff and the Pennsylvania Bonus Class Members the legally required overtime for hours worked in excess of forty hours per week;

    b. Whether the bonuses paid to Plaintiff and the Pennsylvania Bonus Class Members were nondiscretionary; and

    c. Whether Defendants is liable for all damages claimed by Plaintiff and Pennsylvania Bonus Class Members, including, without limitation, compensatory, interest, costs, and attorneys' fees.

68. Plaintiff's claims are typical of the claims of the Pennsylvania Bonus Class Members. Plaintiff and Pennsylvania Bonus Class Members work or have worked for Defendants in the same/similar job, performing substantially the same work, and have been subjected to Defendants' common practice and policy of failing to properly pay the appropriate overtime rate by failing to include bonuses in the regular rate of pay for overtime calculation purposes.

69. Defendants acted or refused to act on grounds generally applicable to the Pennsylvania Bonus Class Members as a whole by engaging in the same violations of law with respect to the Pennsylvania Bonus Class Members, thereby making any final relief appropriate with respect to the Pennsylvania Bonus Class as a whole.

70. Plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Bonus Class.

71. Plaintiff has retained counsel competent and experienced in complex wage and hour litigation and class and collective action litigation.

72. Defendants has damaged the Pennsylvania Bonus Class Members. They are entitled to recover damages as a result of Defendants' common and uniform policies, practices, and procedures.

73. Defendants likewise violated the PMWA by misclassifying Supervisor I employees as exempt from overtime compensation and thus failing pay overtime at the legally mandated rate of time and one half the regular rate of pay for all hours worked inclusive of the bonuses.

74. The Pennsylvania Supervisor I Class is so numerous that joinder of all members is impracticable. The number of Pennsylvania Supervisor I Class Members is believed to number over 30. These similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

75. There are common questions of law and fact common to the members of the Pennsylvania Supervisor I Class that predominate over any questions solely affecting the individual members of the Class, including, without limitation:

   a. Whether Defendants classified Plaintiff and the Pennsylvania Supervisor I Class Members as exempt and thus failed to pay them the legally required overtime for hours worked in excess of forty hours per week;

   b. Whether Defendant misclassified Plaintiff and the Pennsylvania Supervisor I Class Members as exempt; and

   c. Whether Defendants is liable for all damages claimed by Plaintiff and Pennsylvania Supervisor I Class Members, including, without limitation, compensatory, interest, costs, and attorneys' fees.

76. Plaintiff's claims are typical of the claims of the Pennsylvania Supervisor I Class Members. Plaintiff and Pennsylvania Supervisor I Class Members work or have worked for Defendants in the same/similar job, performing substantially the same work, and have been subjected to Defendants' common practice and policy of misclassifying them as exempt and thus failing to properly pay the appropriate overtime rate for hours worked over 40 per week.

77. Defendants acted or refused to act on grounds generally applicable to the Pennsylvania Supervisor I Class Members as a whole by engaging in the same violations of law with respect to the Pennsylvania Supervisor I Class Members, thereby making any final relief appropriate with respect to the Pennsylvania Supervisor I Class as a whole.

78. Plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Supervisor I Class.

79. Plaintiff has retained counsel competent and experienced in complex wage and hour litigation and class and collective action litigation.

80. Defendants has damaged the Pennsylvania Supervisor I Class Members. They are entitled to recover damages as a result of Defendants' common and uniform policies, practices, and procedures.

81. A Class Action is superior to other available methods for the fair and efficient adjudication of this case, particularly in the context of wage litigation such as the instant case where individual workers lack the financial resources to vigorously prosecute a lawsuit in federal court against a large company, such as Defendants.

82. Furthermore, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## COUNT I
### Collective Action under § 216(b) of the Fair Labor Standards Act
### Overtime Claims – FLSA Bonus Class

83. Plaintiff incorporates the above paragraphs of this Complaint into this Count.

84. Defendants' practice of failing to pay Plaintiff and FLSA Bonus Class Members overtime at a rate not less than one and one-half times their regular rate for all hours over forty (40) violates the FLSA because Defendants failed to include non-discretionary bonuses into the regular rate of pay for overtime calculation purposes. *See* 29

U.S.C. § 207.

85. None of the exemptions provided by the FLSA are applicable to the Defendants, or to the Plaintiff and FLSA Bonus Class Members.

86. Defendants has not made a good faith effort to comply with the FLSA.

87. Defendants' method of paying Plaintiff and FLSA Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## COUNT II
### Collective Action under § 216(b) of the Fair Labor Standards Act
### Overtime Claims – FLSA Supervisor I Class

88. Plaintiff incorporate the above paragraphs of this Complaint into this Count.

89. Defendants' practice of failing to pay Plaintiff and FLSA Supervisor I Class Members overtime at a rate not less than one and one-half times their regular rate for all hours over forty (40) violates the FLSA because Defendants designated them as exempt and failed to pay them overtime. See 29 U.S.C. § 207.

90. None of the exemptions provided by the FLSA are applicable to the Defendants, or to the Plaintiff and FLSA Supervisor I Class Members.

91. Defendants has not made a good faith effort to comply with the FLSA. Defendants' method of paying Plaintiff and FLSA Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## COUNT III
### Rule 23 Class Action -- Violation of the Pennsylvania Minimum Wage Act
### Overtime Claims -- Pennsylvania Bonus Class Members

92. Plaintiff incorporates the preceding paragraphs by reference.

14

93. The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 43 P.S. § 333.104(c). Under the PMWA, the regular rate of pay "shall be deemed to include all remuneration for employment." 34 Pa. Code § 231.43.

94. Defendants violated the PMWA by failing to include all remuneration in the regular rate of Plaintiff and the Pennsylvania Bonus Class Members by excluding the bonus payments.

95. Defendants are an employer covered by the PMWA's mandates, and Plaintiff and the other Pennsylvania Bonus Class Members are employees entitled to the PMWA's protections.

96. As described above, Defendants violated the PMWA by paying overtime in a manner that is not permissible under Pennsylvania law.

97. Due to Defendants' PMWA violations, Plaintiff and the Pennsylvania Bonus Class Members are entitled to recover from Defendants their unpaid overtime compensation for all hours worked by them in excess of forty in a workweek and reasonable attorney's fees and costs, pursuant to the PMWA.

### COUNT IV
### Rule 23 Class Action -- Violation of the Pennsylvania Minimum Wage Act
### Overtime Claims -- Pennsylvania Supervisor I Class Members

98. Plaintiff incorporates the preceding paragraphs by reference.

99. The PMWA requires that non-exempt employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 43 P.S. § 333.104(c).

100. Defendants violated the PMWA by misclassifying Plaintiff and the Pennsylvania Supervisor I Class Members and thus failing to pay them overtime

compensation at the appropriate regular rate of pay for all hours worked over 40 per week.

101. Defendants are an employer covered by the PMWA's mandates, and Plaintiff and the other Pennsylvania Supervisor I Class Members are employees entitled to the PMWA's protections.

102. As described above, Defendants violated the PMWA by misclassifying Plaintiff and the Supervisor I Class Members and thus failing to pay them overtime.

103. Due to Defendants' PMWA violations, Plaintiff and the Pennsylvania Supervisor I Class Members are entitled to recover from Defendants their unpaid overtime compensation for all hours worked by them in excess of forty in a workweek and reasonable attorney's fees and costs, pursuant to the PMWA.

**WHEREFORE**, Plaintiff, on behalf of himself and all FLSA Bonus Class Members, FLSA Supervisor I Class Members, Pennsylvania Bonus Class Members, and Pennsylvania Supervisor I Class Members prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Bonus Class and FLSA Supervisor I Class, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of those FLSA Classes, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. Designation of this action as a class action on behalf of the Pennsylvania Bonus Class and Pennsylvania Supervisor I Class Members, and prompt issuance of notice pursuant to Federal Rule of Civil Procedure 23;

C. A declaration that Defendants is financially responsible for notifying the FLSA Bonus Class, FLSA Supervisor I Class, the Pennsylvania Bonus Class, and Pennsylvania Supervisor I Class Members of Defendants' alleged wage and hour violations;

D. Judgment against Defendants for an amount equal to Plaintiff, the FLSA Bonus

Class', the FLSA Supervisor I Class', the Pennsylvania Bonus Class', and Pennsylvania Supervisor I Class Members' unpaid overtime wages at the applicable rates;

 E. A finding that Defendants' conduct was willful;

 F. An equal amount to the overtime wages as liquidated damages;

 G. All costs and attorney' fees incurred prosecuting these claims, including expert fees;

 H. Pre-judgment and post-judgment interest, as provided by law;

 I. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

 J. Such further relief as the Court deems just and equitable.

## Demand for Jury Trial

Plaintiff, individually and behalf of all other similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial pursuant to Federal Rule of Civil Procedure 38(b).

Dated:  November 4, 2016

Respectfully submitted,

*/s/ Rowdy B. Meeks*
Rowdy B. Meeks*
Kansas Bar No.16068
**Rowdy Meeks Legal Group LLC**
8201 Mission Road, Suite 250
Prairie Village, Kansas 66208
Tel:  (913) 766-5585
Fax:  (816) 875-5069
Rowdy.Meeks@rmlegalgroup.com
www.rmlegalgroup.com

*pro hac vice motion forthcoming

Attorneys for Plaintiffs