IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER MEALS,** On Behalf of Himself and All Others Similarly Situated | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:16-cv-01674-NBF |
| **KEANE FRAC GP, LLC;** **KEANE FRAC, LP; and** **KEANE GROUP HOLDINGS, LLC,** | § § § § | |
| Defendants. | § § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT

Without waiving its defenses, Defendants answer Plaintiff Christopher Meals' ("Plaintiff" or "Meals") Complaint in paragraphs that correspond by label and number as follows:

1. Defendants admit that the FLSA requires all non-discretionary compensation in the calculation of regular rate of pay. Defendants deny the remaining allegations in paragraph 1.

2. The allegations in paragraph 2 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 2.

3. The allegations in paragraph 3 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 3.

4. Defendants deny the allegations in paragraph 4.

5. Defendants deny the allegations in paragraph 5.

6. Defendants deny the allegations in paragraph 6.

7. Defendants admit that Plaintiff was employed by Keane Group Holdings, LLC from March 2013 to March 2016 in various roles. Defendants deny the remaining allegations in paragraph 7.

8. Defendants admit that Keane Frac GP LLC is a Delaware limited liability company. Defendants deny the remaining allegations in paragraph 8.

9. Defendants deny the allegations in paragraph 9.

10. Defendants admit that Keane Group Holdings, LLC is a Delaware limited liability company. Defendants deny the remaining allegations in paragraph 10.

11. The allegations in paragraph 11 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendants deny the allegations.

12. The allegations in paragraph 12 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendants deny the allegations.

13. Defendants deny the allegations in paragraph 13.

14. Defendants admit that Keane Group Holdings, LLC is an employer under 29 U.S.C. § 203(d). Defendants deny the remaining allegations in paragraph 14.

15. Defendants admit that Keane Group Holdings, LLC is an enterprise in commerce under 29 U.S.C. § 203(s)(1) and deny the remaining allegations in paragraph 15.

16. Defendants admit that Keane Group Holdings, LLC has annual gross business volume in excess of statutory standard. Defendants deny the remaining allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17.

18. Defendants admit that Keane Group Holdings, LLC is an oilfield services company with operations in several states. Defendants deny the remaining allegations in paragraph 18.

19. Defendants admit that Plaintiff was employed by Keane Group Holdings, LLC beginning in March 2013. Defendants deny the remaining allegations in paragraph 19.

20. Defendants admit that Plaintiff was employed by Keane Group Holdings, LLC as a Treater in Training. Defendants deny the reaming allegations in paragraph 20.

21. Defendants admit that Keane Group Holdings, LLC paid Plaintiff an hourly rate as an SEO II and a Treater in Training. Defendants deny the remaining allegations in paragraph 21.

22. Defendants admit that Keane Group Holdings, LLC paid Plaintiff a bonus when it was earned. Defendants deny the remaining allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants admit that at times Keane Group Holdings, LLC schedules its employees to work in excess of 40 hours. Defendants deny the remaining allegations in paragraph 27.

28. Defendants admit that SEO II and Treater in Trainings are non-exempt employees. Defendants deny the remaining allegations in paragraph 28.

29. Defendants admit that SEO II and Treater in Trainings are non-exempt employees. Defendants deny the remaining allegations in paragraph 29.

30. Defendants admit that Keane Group Holdings, LLC employed Plaintiff as a Supervisor I from November 2015 to March 2016. Defendants deny the remaining allegations in paragraph 30.

31. Defendants admit that as a Supervisor I, Plaintiff was paid a salary. Defendants deny the remaining allegations in paragraph 31.

32. Defendants admit that Plaintiff did not receive overtime compensation as a Supervisor I. Defendants deny the remaining allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

38. Defendants deny the allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40.

41. Defendants deny the allegations in paragraph 41.

42. Defendants deny the allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48.

49.     Defendants deny the allegations in paragraph 49.

50.     Defendants deny the allegations in paragraph 50.

51.     Defendants deny the allegations in paragraph 51.

52.     Defendants deny the allegations in paragraph 52.

53.     Defendants deny the allegations in paragraph 53.

54.     Defendants deny the allegations in paragraph 54.

55.     Defendants deny the allegations in paragraph 55.

56.     Defendants deny the allegations in paragraph 56.

57.     Defendants deny the allegations in paragraph 57.

58.     Defendants deny the allegations in paragraph 58.

59.     Defendants deny the allegations in paragraph 59.

60.     Defendants deny the allegations in paragraph 60.

61.     Defendants deny the allegations in paragraph 61.

62.     Defendants deny the allegations in paragraph 62.

63.     Defendants deny the allegations in paragraph 63.

64.     Defendants deny the allegations in paragraph 64.

65.     Defendants deny the allegations in paragraph 65.

66.     Defendants deny the allegations in paragraph 66.

67.     Defendants deny the allegations in paragraph 67.

68.     Defendants deny the allegations in paragraph 68.

69.     Defendants deny the allegations in paragraph 69,

70.     Defendants deny the allegations in paragraph 70.

71.     Defendants deny the allegations in paragraph 71.

72. Defendants deny the allegations in paragraph 72.

73. Defendants deny the allegations in paragraph 73.

74. Defendants deny the allegations in paragraph 74.

75. Defendants deny the allegations in paragraph 75.

76. Defendants deny the allegations in paragraph 76.

77. Defendants deny the allegations in paragraph 77.

78. Defendants deny the allegations in paragraph 78.

79. Defendants deny the allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80.

81. Defendants deny the allegations in paragraph 81.

82. Defendants deny the allegations in paragraph 82.

83. Defendants incorporate its above responses into this paragraph.

84. Defendants deny the allegations in paragraph 84.

85. Defendants deny the allegations in paragraph 85.

86. Defendants deny the allegations in paragraph 86.

87. Defendants deny the allegations in paragraph 87.

88. Defendants incorporate its above responses into this paragraph.

89. Defendants deny the allegations in paragraph 89.

90. Defendants deny the allegations in paragraph 90.

91. Defendants deny the allegations in paragraph 91.

92. Defendants incorporate its above responses into this paragraph.

93. Defendants deny the allegations in paragraph 93.

94. Defendants deny the allegations in paragraph 94.

95. Defendants deny the allegations in paragraph 95.

96. Defendants deny the allegations in paragraph 96.

97. Defendants deny the allegations in paragraph 97.

98. Defendants incorporate its above responses into this paragraph.

99. The allegations in paragraph 99 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 99.

100. Defendants deny the allegations in paragraph 100.

101. Defendants deny the allegations in paragraph 101.

102. Defendants deny the allegations in paragraph 102.

103. Defendants deny the allegations in paragraph 103.

104. Defendants deny Plaintiffs are entitled to any of the relief sought in the prayer for relief on pages 16-17 A through J inclusive.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's claims are barred, in whole or in part, because at all relevant times, Plaintiff and others allegedly similarly situated were exempt from any entitlement to overtime compensation.

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff and others allegedly similarly situated have not sustained any injury or damage by reason of any act or omission of Defendants.

3. Plaintiffs' claims for class or collective treatment are barred in whole or part by the settlement in *Stanek v. Keane*, No. 3:15-cv-01005-RDM in the Middle District of Pennsylvania.

4. Plaintiff's claims and the claims of others allegedly similarly situated are barred, in whole or in part, by the applicable statutes of limitations.

5. Plaintiff's claims and the claims of others allegedly similarly situated are barred, in whole or in part, by the doctrines of estoppel, offset and/or setoff.

6. Plaintiff's claims are barred to the extent Plaintiff lacks standing to pursue such claims.

7. To the extent that Plaintiff and others allegedly similarly situated were paid compensation beyond that to which they were entitled while employed by Defendants, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

8. Defendants' failure to pay Plaintiff and other allegedly similarly situated overtime wages, if any, was in good faith conformity with and in reliance upon an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor.

9. If Defendants' failure to pay overtime wages, if any, was unlawful, Plaintiff has not demonstrated and cannot demonstrate facts sufficient to warrant an award of liquidated damages.

10. If Defendants' failure to pay overtime wages, if any, was unlawful, none of Defendants' actions or omissions constituted a willful violation of the FLSA.

11. Assuming arguendo, that Plaintiff, and/or others allegedly similarly situated, are entitled to any overtime compensation, any time spent in any noncompensable preliminary or postliminary activities must be excluded from compensable hours of work.

12. Any amount of compensation claimed or sought by Plaintiff and/or others allegedly similarly situated, is not to the extent alleged, and Defendants are entitled to a statutory credit towards overtime compensation sought under 29 U.S.C. §207.

13. Plaintiff and/or others allegedly similarly situated have sustained no damages. To the extent Plaintiff, and/or others allegedly similarly situated, can establish the existence of any damages, the amount of compensation claimed or sought is *de minimis*, which is not actionable under the FLSA and/or the PMWA.

14. At all relevant times, Plaintiff, and/or others allegedly similarly situated, were compensated by Defendants at a rate that exceeded the minimum wage set forth in the PMWA.

15. Plaintiff's claims and the claims of others allegedly similarly situated are barred, in whole or in part, by the doctrine of laches.

16. Plaintiff's claims and the claims of others allegedly similarly situated are barred, in whole or in part, by the doctrine of accord and satisfaction.

17. Plaintiff and the others allegedly similarly situated are not entitled to both prejudgment interest and liquidated damages under the FLSA.

18. Notwithstanding the decision of the Third Circuit Court of Appeals in *Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012), FLSA collective action claims and a Rule 23 class action claim under the PMWA may not proceed together in the same lawsuit.

19. Defendants deny the existence of an ascertainable common class making such an action appropriate.

20. Plaintiff is not similarly situated to the proposed class members for the purposes of the FLSA.

21. Plaintiff cannot satisfy the requirements for a collective action under the FLSA, thus barring collective action treatment because, *inter alia*, the proposed class members are not similarly situated and/or do not meet the numerosity requirement.

22. Plaintiff's purported class claims should be dismissed, in whole or in part, because the types of claims alleged by Plaintiff on behalf of himself and the purported class members are matters in which individualized questions of fact and proof of damages predominate, defeating the purported efficiency of the class action device and risking Seventh Amendment rights.

23. Defendants reserve the right to assert additional affirmative defenses or defenses of which it becomes knowledgeable during the course of discovery.

Accordingly, Defendants request judgment in its favor and against Plaintiff; and that the Complaint be dismissed with prejudice; and with costs, and reasonable attorneys' fees, assessed against Plaintiff, and in favor of Defendants.

Dated: November 30, 2016

Respectfully submitted,

/s/ Sammy Y. Sugiura
Sammy Y. Sugiura
PA I.D. No. 209942
BURNS WHITE LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212
Telephone:  (412) 995-3000
Facsimile:  (412) 995-3300
E-mail: sysugiura@burnswhite.com

Carrie B. Hoffman*
Texas Bar No. 00787701
Sandra L. Jonas*
Texas Bar No. 24091631
GARDERE WYNNE SEWELL LLP
2021 McKinney Avenue, Suite 1600
Dallas, TX  75201
Telephone:  (214) 999-4262
Facsimile:  (214) 999-3262
E-mail: choffman@gardere.com
E-mail: sjonas@gardere.com
*pro hac motions to be filed

**ATTORNEYS FOR DEFENDANTS**