IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| **CHRISTOPHER MEALS,** On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> **KEANE FRAC GP LLC,** <br> **KEANE FRAC, LP, and** <br> **KEANE GROUP HOLDINGS, LLC** <br><br> Defendants | Civil Action No. 2:16-cv-1674-NBF |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**HIS MOTION FOR FLSA CONDITIONAL CERTIFICATION**

Plaintiff, on behalf of himself and all others similarly situated, sets forth the following Memorandum in Support of *Plaintiff's Motion for FLSA Conditional Certification* regarding Count II of the Complaint. Plaintiff easily meets the lenient conditional certification standard.

**I.      INTRODUCTION**

Defendants Keane Frac GP LLC, Keane Frac, LP, and Keane Group Holdings, LLC, (collectively as "Keane" or "Defendants") are an oil field services company. Defendants employ Frac Supervisor Is and other like employees with similar titles (collectively as "Supervisor Is") who perform manual labor in Defendants' hydraulic fracking operations. Defendants classify all Supervisor Is as exempt, pay them a salary plus bonus, and do not pay them overtime. All Supervisor Is have the same job duties and job description regardless of where they work.

Supervisor Is are similarly situated under the FLSA because they perform the same job duties and Defendants pay them the same. Plaintiff's FLSA collective action claim alleges that Defendants' company-wide policy of misclassifying Supervisors Is as exempt employees not

eligible for overtime violates the FLSA, and that Supervisor Is are thus entitled overtime pay that Defendants have wrongly denied them.  Plaintiff narrowly seeks conditional certification for only Supervisor Is who work in Defendants' fracking division; Plaintiff does not seek certification for any other supervisor or anyone who works outside of Defendants' fracking division.

As this Court is aware, there is a low threshold for conditional certification under FLSA § 216(b).  At this first tier of the two-tiered certification process, this Court makes an initial "notice stage" determination whether plaintiffs are "similarly situated."  This requires nothing more than a ***modest factual showing*** that the proposed plaintiffs are similarly situated. *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192-93 (3d Cir. 2011), *rev'd on other grounds*, 133 S. Ct. 1523 (2013).  Three (3) opt-in Plaintiffs including Named Plaintiff and a fourth former Field Service Manager who worked at locations across the United States with other Supervisor Is have brought forth evidence to meet this standard.  This includes sworn statements which support the allegations set forth in the Complaint.  Moreover, Defendants' own Answer and uniform Supervisor I job postings demonstrate that Supervisor Is are similarly situated.

Based upon this, Plaintiff establishes three things:  (1) an employer policy – Defendants' classification of Supervisor Is as exempt, (2) that affected Plaintiffs in a particular way – Defendants' policy did not pay Plaintiffs overtime to which they were otherwise entitled, and (3) that also affected other employees in a particular way – Defendants classified all Supervisors I as exempt and did not pay them overtime despite their common job duties which do not satisfy the executive "white collar" exemption. *See Hodzic v. Fedex Package System, Inc.,* 2016 WL 6248078, *7 (W.D. Pa. Oct. 26, 2016)( citing *Dunkel v. Warrior Energy Servs., Inc.,* 304 F.R.D. 193, 199 (W.D. Pa. Dec. 23, 2014). Accordingly, this Court should conditionally certify this case and order notice be sent to the FLSA class.

**HISTORY OF PLEADINGS**

On November 30, 2016, Plaintiff Christopher Meals filed his Original Complaint which alleges FLSA collective action and Rule 23 Pennsylvania Minimum Wage Act ("PMWA") overtime violations against Defendants.[1] (Doc. 1). Under Count II of the Complaint, Plaintiff Meals brings a collective action claim under FLSA § 216(b) on behalf of all Supervisor I employees who work(ed) for Defendants during the last three years.

Defendants have answered the Complaint. (Doc. 10). At the time of filing this Motion, three (3) former Supervisor Is, including Plaintiff Meals, have filed *Consent to Join* forms with the Court. These three Opt-Ins and one additional former Field Service Manager employee have filed sworn statements which support this Motion.

On January 24, 2017, this Court conducted the Case Management Conference. (Doc. 24). No formal discovery has occurred. The Parties are mediating this case with well-known class and collective action mediator Hunter Hughes on April 11, 2017. (Doc. 26).

**II.    STATEMENT OF FACTS**

1.    On November 4, 2016, Plaintiff Christopher Meals, a former Supervisor I, filed his Complaint against Defendants. (Doc. 1). Plaintiff alleges that Defendants violated the FLSA by failing to properly pay Supervisor Is overtime compensation because Defendants illegally misclassified Supervisor Is as exempt. Plaintiff brings this claim on behalf of all Supervisor Is in Defendants' fracking division as a FLSA collective action because Defendants impacted all Supervisors Is by the same illegal pay policy. (Exhibit ("Ex.") 1, Complaint ¶¶ 5, 30-49, 58-63, 88-91).

---

[1] Plaintiff does not request Rule 23 class action certification of his PMWA misclassification claims in this Motion. Plaintiff will certify those claims in a separate motion.

2. Defendants are an oilfield services company which operates in several states. (Ex. 2, Keane Answer ¶ 18). On January 20, 2017, Defendants began trading on the New York Stock Exchange under the ticker symbol "FRAC." http://investors.keanegrp.com/press-releases/2017/19-01-2017.

3. Since Plaintiff filed this lawsuit, three Supervisor Is who worked in Defendants' fracking sites across the United States including in Pennsylvania, West Virginia, New Mexico, and Texas have joined this lawsuit. (*See* Doc. 1.2, 5, 27). Three Supervisors Is and one Field Service Manager who worked at Defendants' fracking sites across the United States with Supervisor Is have signed statements in support of this Motion. (Ex. 3-5, Supervisor I Sworn Statements, ¶¶ 2; Ex. 6, Field Service Manager Sworn Statement, ¶¶ 2-3).

4. Supervisor Is regularly work more than forty (40) hours per week. Defendant failed to pay them overtime compensation for their work hours over forty (40) per week. (Ex. 2, Keane Answer ¶¶ 27, 32; Ex. 3-5, Supervisor I Sworn Statements, ¶¶ 4-6; Ex. 6, Field Service Manager Sworn Statement, ¶¶ 5-6).

5. Defendants' counsel estimated during the Case Management Conference that Defendants employed approximately 100 Supervisor Is during the FLSA class period.

<u>All Supervisor Is Perform The Same Job Duties</u>

6. Supervisor Is company-wide do not have the primary job duty of management. (Ex. 3-5, Supervisor I Sworn Statements, ¶¶ 7-9; Ex. 6, Field Service Manager Sworn Statement, ¶¶ 7-9).

7. Plaintiff and Defendants' other Supervisor Is performed the same job duties as one another. The Supervisor Is worked alongside other hourly employees and performed non-management duties which included manual labor tasks such as working on the hydraulic fracking

4

pumps, and rigging up and down. (Ex. 3-5, Supervisor I Sworn Statements, ¶¶ 3, 8, 11; Ex. 6, Field Service Manager Sworn Statement, ¶¶ 7, 9).

8. Supervisor Is perform the same job duties regardless of the location where they worked. Plaintiff has submitted declarations from Supervisor Is who performed the same work in different locations in different states. Supervisor Is also worked alongside other Supervisors Is both when they were paid as hourly employees and in their role as Supervisors Is. They personally observed other Supervisor Is performing the same job duties they performed at locations in different states throughout the United States. (Ex. 3-5, Supervisor I Sworn Statements, ¶¶ 2-4).

9. Likewise, former Field Service Manager managed and worked with more than 15 Supervisor Is at locations throughout Pennsylvania, and in North Dakota and Texas. He personally observed that Supervisor Is perform the same job duties no matter where they work. (Ex. 6, Field Service Manager Sworn Statement, ¶¶ 2-4, 7, 9).

<u>Defendants' Supervisor I Nationwide Job Postings Confirm Conditional Certification</u>

10. Indeed, Defendants' job postings establish that the Supervisor I position has the same job duties company-wide. For example, Defendants posted a general Supervisor I job posting which establishes that Supervisor I jobs are the same in Mansfield, Pennsylvania, New Stanton, Pennsylvania, and Mount Pleasant, Pennsylvania. (Ex. 7, Defendants' Supervisor I Job Posting).

11. Likewise, Defendant posted this exact same Supervisor I job posting for the job in the following locations: Midland, Texas, Odessa, Texas, Williston, North Dakota, and Mansfield and Mount Pleasant, Pennsylvania. (Ex. 8, Supervisor I Job Postings).

12. The Supervisor I job postings do **NOT** provide that management is the primary duty of the job. Instead, the Supervisor I job postings first list the job's "Physical and Working

5

Conditions" which require that Supervisor Is perform strenuous manual labor including "[f]requent climbing, lifting, bending, twisting, and standing" and exposure to outdoor working outdoors. The "Physical and Working Conditions" do not mention or require employee supervision or management. In contrast, the "Physical and Working Conditions" state that Supervisor Is must have the "[a]bility to work more than 40 hours in any given week" which makes no sense to list on an exempt job posting because an exempt employee's salary compensates them for all hours worked including those hours beyond 40 hour per week so exempt employees (by definition) must be prepared regularly to and do work more than 40 hours per week.   (Ex. 7-8, Supervisor I Job Postings).

      13.    Likewise, Defendants' nationwide Supervisor I job postings do **NOT** provide that Supervisors Is will perform the following job duties:

- Hiring or firing of employees, or recommending the hiring or firing or employees
- Promoting employees or recommending employee promotion
- Recommending the change of status of any employee
- Interviewing employees
- Conducting employee performance appraisals
- Setting employee pay or benefits
- Disciplining employees
- Budget setting or adhering to any budget

The above job duties are noticeably absent from the Supervisor I job postings. (Ex. 7-8, Supervisor I Job Postings).

      14.    The Supervisor I job postings lists the "Skills and Experience Required" which do not require previous management experience or the ability to perform any of the management

duties list in the previous Paragraph (which the postings do not include as job duties). (Ex. 7-8, Supervisor I Job Postings).

15. The Supervisor I job postings also list the "Qualifications" for the job. The Supervisor I "Qualifications" do not require employee supervision or management to perform the job. Further, the "Qualifications" do not require that the Supervisor I have the ability to perform any of the management tasks listed above in Paragraph 13. (Ex. 7-8, Supervisor I Job Postings).

16. The Supervisor I job postings list the "Education, Certifications, Licenses, and Registrations" for the job. This section does not mention employee supervision, or the ability to hire, fire, or recommend any change of employee status. The section focuses on manual labor capabilities. (Ex. 7-8, Supervisor I Job Postings).

Defendants Pay All Supervisor Is Similarly

16. Defendants classify Supervisor Is as FLSA "exempt" employees not entitled to overtime compensation. (Ex. 2, Defendants' Answer ¶¶ 31-32; Ex. 3-5, Supervisor I Sworn Statements, ¶¶ 4-7; Ex. 6, Field Service Manager Sworn Statement, ¶¶ 5-6).

17. Defendants pay their exempt-designated Supervisor Is a salary plus bonus. Defendants do not pay their Supervisor Is overtime compensation. *Id.*

**III.   ARGUMENT**

Plaintiff meets the lenient first-tier conditional certification standard here. His extensive evidence shows that Defendants classified all Supervisors Is as exempt, refused to pay them overtime, required that Supervisor Is company-wide perform the same common job duties which do not qualify for any overtime exemption, and paid all Supervisors Is a salary plus bonus.

Supervisor Is are thus similarly situated under the FLSA so this Court should grant Plaintiff's Motion.

### A. The Lenient First-Stage Conditional Certification Standard Applies Here Which Results in Conditional Certification.

Section 216(b) of the FLSA authorizes employees to bring an action on behalf of themselves and others "similarly situated." 29 U.S.C. § 216(b).

> An action to recover the liability...may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Id.*; *see also Hodzic v. Fedex Package System, Inc.,* 2016 WL 6248078, *5 (W.D. Pa. Oct. 26, 2016).

Courts follow a two-tiered analysis in determining whether a case may move forward as a collective action. *Symczyk,* 656 F.3d at 192. The first phase, or "notice" phase, requires that a court "make[ ] a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff." *Id.* If the plaintiff carries this burden, the collective action is "conditionally certified" for purposes of notice and discovery. *Id.*

The second phase is addressed after all similarly situated employee members have had an opportunity to opt in and further discovery has taken place. *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 534 (3d Cir. 2012). At this "more stringent" stage, the plaintiff must show by a preponderance of the evidence that the class members are similarly situated. *Id.* Articulating the differences in these two stages of the collective action certification analysis, the Third Circuit has explained that the initial step of conditional certification asks whether similarly situated plaintiffs

do, in fact, exist; by contrast, the second stage asks whether the specific plaintiffs who have opted-in are, in fact, similarly situated to the named plaintiffs. *Id.* at 536 n.4 (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)).

Conditional certification poses a lower threshold, requiring a "modest factual showing" that the proposed plaintiffs are similarly situated. *Symczyk*, 656 F.3d at 192-93. This standard is not particularly high—it merely calls for "some evidence, 'beyond mere speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected the other employees." *Id.* at 193 (citing *Smith v. Sovereign Bancorp, Inc.*, 2003 WL 22701017, at *3 (E.D. Pa. Nov. 13, 2003)). Generally, plaintiffs meet the standard by producing some evidence indicating common facts among the parties' claims, and/or a common policy affecting all the collective members. 7B Wright, Miller, & Kane, *Federal Practice and Procedure: Civil* § 1807, at 489–90 (3d ed. 2005).

Given the modest burden at this first notice stage, motions for conditional certification are generally successful. *Waltz v. Aveda Transportation and Energy Services Inc.,* 2016 WL 7440267, *2 (M.D. Pa. Dec. 27, 2016)(citation omitted).  This light burden and the ensuing high rate of success at the conditional certification stage result because the district court bears an "insignificant" risk of error by granting the motion. The burden in this preliminary certification is light because the risk of error is insignificant: should further discovery reveal that the named positions, or corresponding claims, are not substantially similar the defendants will challenge the certification and the court will have the opportunity to deny final certification.  *Id.* (citation omitted).  Furthermore, the Third Circuit has explained that conditional certification of an FLSA collective action claim is not really a certification at all, but rather an exercise of the

district court's discretionary power to facilitate the sending of notice to potential class members. *Halle v. West Penn Allegheny Health Sys. Inc.,* 842 F.3d 215, 224 (3d Cir. 2016).

Here, neither party has conducted any discovery. As such, the lenient first stage conditional certification standard applies which Plaintiff satisfies through his Complaint, Defendants' Answer, multiple declarations, and Defendants' own uniform Supervisor I job descriptions. *See Hively,* 2013 WL 5936418 at *4.

### B. This Case Satisfies the Lenient First-Stage Analysis – Supervisor Is Are Similarly Situated.

This Court has stated that it is Plaintiffs' burden to make a "modest factual showing" that there is "a factual nexus between the manner in which the employer's alleged policy affected Plaintiffs and the manner in which it affected other employees." *Hodzic,* 2016 WL 6248078, *7 (*quoting Symczyk*, 656 F.3d at 195). As Judge Hornak of this Court has explained, "[i]n other words, Plaintiffs must show three things: (1) an employer policy, (2) that affected the Plaintiffs in a particular way, and (3) that also affected other employees in a similar way." *Id.; Dunkel*, 304 F.R.D. at 201.

In this case, Plaintiff meets his lenient "modest factual showing" burden and establishes that Supervisor Is are similarly situated because Plaintiff shows (1) an employer policy – Defendants' classification of Supervisor Is as exempt, (2) that affected Plaintiffs in a particular way – Defendants' policy did not pay Plaintiffs overtime to which they were otherwise entitled, and (3) that also affected other employees in a particular way – Defendants classified all Supervisors I company-wide as exempt and did not pay them overtime despite their job duties which do not qualify for any exemption. Thus, this Court should conditionally certify this case.

### 1. Plaintiffs Show That Defendant Had A Policy Of Classifying Them As Exempt.

The employer policy at issue in this case is Defendants' denying Plaintiffs overtime under a company-wide executive exemption when, in reality, Defendants should have paid them overtime because they did not qualify for the exemption. The central dispute in this matter is thus whether Defendants can carry their burden to establish that Plaintiffs and other Supervisor Is satisfy all of the executive exemption requirements. Defendants carry this burden only if they establish that Plaintiffs and other Supervisors Is meet the bona fide executive test which requires that they must (1) have the "primary duty" of management of the enterprise, (2) customarily and regularly direct the work of at least two employees, and (3) the authority to hire or fire other employees, or their suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight. *See* 29 C.F.R. 541.100. Plaintiffs currently dispute all three of these in this case. This Court does not rule on the merits of Defendants' executive exemption defense at this first stage; this is a second stage inquiry. *See Hively,* 2013 WL 5936418 at *4-*5 (individualized defenses more properly adjudicated at step-two).

Here, Plaintiff meets the lenient "modest factual showing" burden on this first item because his supporting declarations establish that Defendants classified them as exempt and did not pay them overtime, even though their primary duty was not management and they work side-by-side with hourly employees performing manual labor tasks. *See,* Statement of Facts ("SOF") ¶¶ 4, 7, 16-17 above; *Dunkel,* 304 F.R.D. at 200.

### 2. Plaintiffs Show That Defendants Denied Plaintiffs Overtime Pay They Would Have Otherwise Earned.

Plaintiff meets the lenient "modest factual showing" burden on this second item because his supporting declarations show that Defendants denied Plaintiffs overtime they otherwise would have earned because they worked over 40 hours per week, Defendants failed to pay them overtime, Supervisor Is worked alongside hourly employees performing manual labor tasks, and their primary duty is not management.  *See,* SOF ¶ 4, 6-7, 16-17; *Dunkel,* 304 F.R.D. at 200.

### 3. Plaintiffs Show That All Defendants Impacted All Supervisor Is In A Similar Manner.

Plaintiff meets the lenient "modest factual showing" burden on this third item because his supporting declarations and Defendants' own job postings establish that Defendants treated all Supervisor I jobs as having the same job duties regardless of location and Defendants denied overtime pay to all Supervisor Is.  Thus, Defendants impacted all Supervisor Is similarly.

First, Plaintiffs performed the same Supervisor I job duties regardless of the multiple locations in multiple states in which they worked.  *See,* SOF ¶¶ 3, 6-9.  Plaintiffs also worked with other Supervisors Is, both as hourly employees and as Supervisor Is, and personally observed other Supervisor Is performing the same duties they performed.  *Id.* at ¶¶ 7-8.  Further, a former Field Services Coordinator who directly managed multiple Supervisor Is testifies that all Supervisor Is have the same job duties.  *Id.* at ¶ 9.  This is strong evidence (certainly beyond mere speculation) that Supervisor Is performed the same job duties company-wide.  *See Hively,* 2013 WL 5936418 at *6-*7 (company-wide conditional certification granted where evidence shows uniform executive exemption misclassification policy).

Second, Plaintiffs produced evidence that Defendants classified Supervisor Is company-wide as exempt, did not pay them overtime, and paid them in the same manner – salary plus bonus.

SOF ¶¶ 4, 16-17. This again is strong evidence that Defendants paid Supervisor Is the same company-wide. *See Lucke v. PPG Industries, Inc.,* 2013 WL 6577772, *2-*4 (W.D. Pa. Dec. 16, 2013)(conditional certification granted in misclassification case based upon single affidavit which showed pay and job duties were common across the class).

Third, Defendants utilized the same company-wide job posting for the Supervisor I job regardless of the job's location. SOF ¶¶ 10-11. The job posting's contents establish that the Supervisor I job does not meet the FLSA executive exemption requirements which confirms Plaintiffs' case: the uniform job postings do not provide management is the primary duty of Supervisor Is and, instead, focus on manual labor tasks. SOF ¶¶ 10-16. These company-wide uniform job postings confirm that Supervisor Is perform the same job duties no matter when the job is located. *See Hively,* 2013 WL 5936418 at *5-*7 (company-wide conditional certification granted where evidence shows uniform policy); *see also Waltz,* 2016 WL 7440267, *3 (oil field misclassification case conditionally certified where common job descriptions existed); *Carr v. Flower Foods, Inc.,* 2017 WL 393604, *1-*3 (E.D. Pa. Jan. 1, 2017)(conditional certification granted in misclassification case where company documents showed plaintiffs performed the same job duties). Accordingly, based upon the above, this Court should conditionally certify this case.

Finally, Plaintiff here has not over-reached in his conditional certification request. This case is not *Moore v. PNC Bank, N.A.,* 2013 WL 233251 (W.D. Pa. May 29, 2013) where a plaintiff and one opt-in plaintiff sought to certify a nationwide class of about 2,050 putative class members without supporting evidence. Nor is this case like *Hodzic,* 2016 WL 6248078, where two plaintiffs used localized evidence in an attempt to certify a nationwide class of about 2,355 putative members who worked in 33 states.

In contrast, in this case, Plaintiff seeks conditional certification only of the entry level Supervisor Is who number about 100 in Defendants' fracking division only. Plaintiff does not seek certification for other entry level supervisors outside of this single fracking division, or who worked under different job descriptions or who Defendants paid differently. Thus, Plaintiff has narrowly tailored his conditional certification request which he extensively supports with the above evidence.

### C. This Court Should Order The Parties To Meet And Confer Regarding The Content Of The Court-Facilitated Notice, And Toll The FLSA Statute Of Limitations For Future Opt-Ins.

This Court has the authority to facilitate notice to the putative opt-in plaintiffs. *Hively,* 2013 WL 5936418 at *7-*8 (citations omitted). Plaintiff requests that this Court order the Parties to meet and confer regarding the form, content, and manner of distribution of the notice, and toll the FLSA statute of limitations during the "meet and confer" period for future opt-ins. *Id.* This will save this Court time and prevent the Parties from briefing issues on which they can likely reach agreement.

## IV. CONCLUSION

Based upon the above, Plaintiff satisfies the lenient first-stage conditional certification burden for Supervisors Is who Defendant has employed company-wide in the last three years. Thus, Plaintiff respectfully requests that this Court issue an order which grants him the relief he requests in his Motion and accompanying proposed order.

Dated: March 16, 2017

Respectfully submitted,

*/s/ Rowdy B. Meeks*
  Rowdy B. Meeks*
  Kansas Bar No.16068
  **Rowdy Meeks Legal Group LLC**
  8201 Mission Road, Suite 250
  Prairie Village, Kansas 66208
  Tel:  (913) 766-5585
  Fax:  (816) 875-5069
  Rowdy.Meeks@rmlegalgroup.com
  www.rmlegalgroup.com

*pro hac vice motion granted

Attorneys for Plaintiffs

## Certificate of Service

I hereby certify that a true and correct copy of the above was sent on March 16, 2017 pursuant to the service requirements of the ECF/CM for the Western District of Pennsylvania which will notify all counsel of record.

  /s/ Rowdy B. Meeks_____
Rowdy B. Meeks, Attorney for Plaintiff