# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER MEALS, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Civil Action No. 16-1674 ) Hon. Nora Barry Fischer |
| v. | ) ) |
| KEANE FRAC GP LLC et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

### I. INTRODUCTION

This is a proposed class and collective action brought by Plaintiff Christopher Meals ("Meals") against Defendants Keane Frac GP LLC, Keane Frac LP, and Keane Group Holdings, LLC, alleging that Defendants violated the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"). Presently before the Court is a contested motion filed by Meals seeking conditional certification of a proposed collective action to include "all current and former Frac Supervisor Is and other like employees who work(ed) for Defendants in the last three (3) years to the present." (Docket No. 28 at 2). As the Motion has been fully briefed, it is now ripe for disposition. (Docket Nos. 28, 29, 34, 40). After careful consideration of the parties' arguments, and for the following reasons, Plaintiffs' Motion, (Docket No. [28]), is granted.

### II. BACKGROUND

*A. The Parties*

Defendants constitute an oilfield services company that operates throughout the United States, including Pennsylvania, West Virginia, Texas, and North Dakota. (Docket No. 1 at ¶ 18).

1

Defendant Keane Frac GP LLC is a Delaware limited liability company; Defendant Kean Frac, LP is a Pennsylvania limited partnership; and Defendant Keane Group Holdings, LLC is a Delaware limited liability company. (*Id.* at ¶¶ 8-10).

Meals alleges that Defendants owe him and its other hourly, bonused employees back pay at the rate of time and one-half for all hours worked over forty in a work week, liquidated damages, attorneys' fees, and court costs. (*Id.* at ¶ 1). He seeks to represent the following:

- All current and former employees of Defendants who were paid on an hourly basis with bonuses (the "FLSA Bonus Class") within the last three years. (*Id.* at ¶ 3).

- All hourly paid employees who received bonuses and worked in Pennsylvania (the "Pennsylvania Bonus Class") within the last three years. (*Id.* at ¶ 4).

- All current and former Supervisor I employees who Defendants classified as exempt (the "FLSA Supervisor I Class") within the last three years. (*Id.* at ¶ 5).

- All Supervisor I employees Defendants employed in Pennsylvania (the "Pennsylvania Supervisor I Class") within the last three years. (*Id.* at ¶ 6).

B. *Factual Background*

Meals worked for Defendants as an SEO II in oilfields located in Pennsylvania from March 2013 until April 2014. (*Id.* at ¶ 19). From April 2014 until November 2015, Meals worked for Defendants as a Treater in Training. (*Id.* at ¶ 20). While working as an SEO II and a Treater in Training, Meals earned an hourly rate and routinely worked more than forty hours per week. (*Id.* at ¶ 21). In addition to an hourly rate, Defendants paid Meals, FLSA Bonus Class Members, and Pennsylvania Bonus Class Members a job bonus. (*Id.* at ¶ 22). The job bonus, which Defendants typically disbursed once per month, was a non-discretionary payment because Defendants based the bonus amount on the number of completions an operator performed in the field and the revenue Defendants earned from a job at an oil well. (*Id.* at ¶¶ 22-23). Because the

bonus payments often were equal to or exceeded the amount that Defendants paid monthly for hourly earnings, they represented a significant portion of the earnings made by Meals, FLSA Bonus Class Members, and Pennsylvania Bonus Class Members. (*Id.* at ¶ 24). Meals alleges that Defendants violated the FLSA and Pennsylvania law because they did not include the bonus payments in the regular rate of pay for purposes of determining overtime compensation. (*Id.* at ¶¶ 25-26). Meals further avers that he, FLSA Bonus Class Members, and Pennsylvania Bonus Class Members were required to work well in excess of forty hours per week and often worked more than eighty hours per week. (*Id.* at ¶ 27). Meals alleges that he, FLSA Bonus Class Members, and Pennsylvania Bonus Class Members are not exempt employees under the FLSA or the PMWA and that Defendants classified them as non-exempt employees. (*Id.* at ¶¶ 28-29).

From November 2015 until March 2016, Meals worked for Defendants as a Supervisor I. (*Id.* at ¶ 30). Defendants paid Meals a salary, no matter how many hours he worked each week, and a bonus. (*Id.* at ¶ 31). Defendants did not pay overtime compensation to Meals or to its other Supervisor I employees. (*Id.* at ¶¶ 32-33). Meals, FLSA Supervisor I Class members, and Pennsylvania Supervisor I Class Members regularly worked six to seven days per week without overtime compensation. (*Id.* at ¶ 34). Defendants' managers observed the employees working early in the mornings until late in the evenings and on weekends. (*Id.* at ¶¶ 34-35). Meals contends that because Defendants classified its Supervisor I employees as exempt, he, FLSA Supervisor I Class members, and Pennsylvania Supervisor I Class Members were denied overtime compensation to which they were entitled as non-exempt employees. (*Id.* at ¶¶ 36-38). In support, Meals avers that he, FLSA Supervisor I Class members, and Pennsylvania Supervisor I Class Members performed oil field manual production work, which is the same work performed by non-exempt, hourly employees. (*Id.* at ¶ 39). He maintains that they did not

perform duties that qualify for any "white collar" or other exemption because they: (1) did not regularly supervise the work of two or more employees; (2) did not exercise discretion and independent judgment as to matters of significance; (3) did not perform office work related to Defendants' general business operations or its customers; (4) had no advance knowledge in a field of science or learning which required specialized instruction that was required to perform the job; and (5) were not required to have a college degree. (*Id.* at ¶¶ 40-45). Meals maintains that all Supervisor I employees are similarly situated because they share common job duties and descriptions, Defendants treated them as exempt employees, and they all performed work without overtime compensation. (*Id.* at ¶ 46). He asserts that because Defendants did not pay him, FLSA Supervisor I Class members, and Pennsylvania Supervisor I Class Members for all the hours that they worked, their wage statements are inaccurate and do not reflect the compensation that Defendants were legally required to pay. (*Id.* at ¶¶ 47-49). Thus, Meals contends that Defendants' actions in this case were willful and made in bad faith. (*Id.* at ¶¶ 50-51).

*C. Relevant Procedural History*

Meals filed his Complaint on November 4, 2016, wherein he sets out four claims against Defendants:

- A collective action claim against Defendants on behalf of himself and the FLSA Bonus Class for Defendants' failure to include non-discretionary bonuses into the regular rate of pay for overtime calculation purposes. (*Id.* at ¶¶ 52-57, 83-87).[1]

- A collective action claim against Defendants on behalf of himself and the FLSA Supervisor I Class for Defendants' failure to pay overtime at a rate not less than one and one-half times their regular rate for all hours worked over forty. (*Id.* at ¶¶ 58-63, 88-91).

---

[1] Meals does not seek conditional certification for their claim against Defendants on behalf of himself and the FLSA Bonus Class. (*See* Docket Nos. 28, 28-1).

4

- A class action claim against Defendants on behalf of himself and the Pennsylvania Bonus Class Members for Defendants' failure to include all remuneration in their regular rates by excluding their bonus payments. (*Id.* at ¶¶ 64-72, 92-97).

- A class action claim against Defendants on behalf of himself and the Pennsylvania Supervisor I Class Members for Defendants' misclassification of them and subsequent failure to pay them overtime compensation at the appropriate regular rate of pay for all hours worked over forty per week. (*Id.* at ¶¶ 73-82, 98-103).[2]

Defendants filed an Answer to the Complaint on November 30, 2016. (Docket No. 10). The Court held a Case Management Conference on January 24, 2017. (Docket No. 24). On March 3, 2017, Dusty Walker filed his consent to opt in, joining the lawsuit. (Docket No. 27). Plaintiffs filed a Motion to Certify the Class Conditionally Pursuant to the FLSA, supporting brief, and exhibits on March 16, 2017. (Docket Nos. 28, 29). Defendants filed a Response to the Motion on April 17, 2017, along with a Motion to Strike Plaintiffs' Brief in Support of Motion to Certify Class Conditionally and Sworn Statements in Support. (Docket Nos. 34, 35). On May 1, 2017, Plaintiffs filed a Reply to Defendants' Response and a Response to Defendants' Motion to Strike. (Docket Nos. 40, 41). On May 2, 2017, the Court denied, without prejudice, Defendants' Motion to Strike Plaintiffs' Brief in Support of Motion to Certify Class Conditionally and Sworn Statements in Support. (Docket No. 42). Neither party requested oral argument. As the motion is fully briefed, it is now ripe for disposition.

III. LEGAL STANDARD

Section 216(b) of the FLSA authorizes employees to bring an action on behalf of themselves and others "similarly situated." 29 U.S.C. § 216(b).

> An action to recover the liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and

---

[2] While Meals alleges violations of the PMWA in addition to the FLSA claims, his Motion pertains to the FLSA. Thus, the Court will not discuss the PMWA Rule 23 class action portion of the lawsuit.

> other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Id.*

Courts follow a two-tiered analysis in determining whether a case may move forward as a collective action. *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192 (3d Cir. 2011), *rev'd on other grounds*, 133 S. Ct. 1523 (2013). The first phase, or "notice" phase, requires that a court "make[] a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff." *Id.* If the plaintiff carries this burden, the collective action is "conditionally certified" for purposes of notice and discovery. *Id.* The second phase is addressed after all similarly situated employee members have had an opportunity to opt in and further discovery has taken place. *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 534 (3d Cir. 2012). At this "more stringent" stage, the plaintiff must show by a preponderance of the evidence that the class members are similarly situated. *Id.* Articulating the differences in these two stages of the collective action certification analysis, the Third Circuit has explained that the initial step of conditional certification asks whether similarly situated plaintiffs do, in fact, exist; by contrast, the second stage asks whether the specific plaintiffs who have opted-in are, in fact, similarly situated to the named plaintiffs. *Id.* at 536 n.4 (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)).

Conditional certification poses a lower threshold, requiring a "modest factual showing" that the proposed plaintiffs are similarly situated. *Symczyk*, 656 F.3d at 192-93. This standard is not particularly high—it merely calls for "some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected the other employees." *Id.* at 193 (quoting *Smith v. Sovereign Bancorp, Inc.*,

6

No. 03-2420, 2003 U.S. Dist. LEXIS 21010, at *10 (E.D. Pa. Nov. 13, 2003)). Generally, plaintiffs meet the standard by producing some evidence indicating common facts among the parties' claims, and/or a common policy affecting all the collective members. 7B Wright, Miller, & Kane, *Federal Practice and Procedure: Civil* § 1807, at 489-90 (3d ed. 2005).

IV. DISCUSSION

In support of their assertion that Defendants' Supervisor I employees are similarly situated, Plaintiffs rely upon declarations proffered by Meals, Walker, Daniel Slater, and Brian Cales, as well as job postings for Supervisor I positions. (Docket Nos. 29-3, 29-4, 29-5, 29-6, 29-7, 29-8). They argue that the evidence establishes a factual nexus between the manner in which Defendants' policy affected them and the manner in which it affected other employees. (Docket No. 29 at 10). Specifically, Plaintiffs contend that (1) Defendants had a policy of classifying them as exempt and did not pay them overtime, even though they worked side-by-side with hourly employees performing manual labor tasks; (2) Defendants denied them overtime pay that they would have otherwise earned; and (3) Defendants' policy impacted all Supervisor I employees in a similar manner. (*Id.* at 11-14).

Defendants counter that Plaintiffs' claims that they performed non-managerial duties are evidence of the employees' individual conduct rather than Defendants' policy. (Docket No. 34 at 6-7). Similarly, Defendants maintain that the mere classification of a group of employees as exempt under the FLSA is insufficient to demonstrate that all class members are similarly situated. (*Id.* at 7-8). With respect to the job postings attached to Plaintiffs' brief, Defendants submit that the content of the position, not the position description, is determinative as to whether employees are misclassified. (*Id.* at 8-10). Defendants argue that the declarations filed by Plaintiffs are insufficient because they are based upon hearsay and contain identical,

7

conclusory, and vague assertions. (*Id.* at 10-16). Finally, Defendants contend that Plaintiffs have failed to demonstrate that any similarly situated employees desire to opt in to the lawsuit. (*Id.* at 16-19). In reply, Plaintiffs insist that the declarations are based upon personal knowledge and that they are not required to establish that any similarly situated employees desire to opt in to the lawsuit. (Docket No. 40 at 5-6).

As an initial matter, the Court notes that in denying, without prejudice, Defendants' Motion to Strike Plaintiffs' Brief in Support of Motion to Certify Class Conditionally and Sworn Statements in Support, it accepted Plaintiffs' declarations and rejected Defendants' requests that it make credibility determinations. (Docket No. 42 at 2). The Court further concluded that "the declarants' statements are in line with Federal Rules of Evidence 602 and 701, the latter to the extent that they are providing opinions as to their personal observations." (*Id.* at 2-3 (citing FED. R. EVID. 602 advisory committee's note; FED. R. EVID. 701)). To the extent that Defendants argue that Mr. Cales' declaration is based upon hearsay, they fail to identify any statement contained in same that constitutes hearsay. (*See* Docket No. 34 at 11-12). Further, the United States Court of Appeals for the Third Circuit has not directly addressed whether declarations containing hearsay are admissible for purposes of conditional certification. *See, e.g., Jones v. Alliance Insp. Mgmt., LLC*, No. 13-1662, 2014 U.S. Dist. LEXIS 57257, at *8 (W.D. Pa. Apr. 24, 2014) ("This Court is not persuaded that courts impose a blanket prohibition against consideration of hearsay or other arguably inadmissible-at-trial evidence in a conditional certification determination."); *Bredbenner v. Liberty Travel, Inc.*, No. 09-CV-905, 2009 U.S. Dist. LEXIS 67122, at *5-6 n.1 (D.N.J. July 31, 2009) (explaining that "courts outside this jurisdiction are split as to whether plaintiffs' supporting declarations need to meet the same standard articulated in Rule 56(e)" and considering affidavits because "[t]he standard for

conditional certifications is lenient and does not address the merits of the case"). Thus, the Court will consider Plaintiffs' declarations, and Defendants will have another opportunity to object to class certification following further discovery. *Bredbenner*, 2009 U.S. Dist. LEXIS 67122, at *6 n.1.

Moving on, the Court finds that Plaintiffs have made a "modest factual showing," satisfying the "fairly lenient standard" that Supervisor I employees are similarly situated. *Zavala*, 691 F.3d at 535. To this end, Defendants' common business policies and compensation practices are set out through four declarations and through job postings for Supervisor I positions. (Docket Nos. 29-3, 29-4, 29-5, 29-6, 29-7, 29-8). Specifically, the declarations provide that Supervisor I employees, who were hired as exempt employees, worked over forty hours each week but were not paid overtime compensation. (Docket Nos. 29-3 at 2; 29-4 at 2; 29-5 at 2; 29-6 at 2). The primary duty of Supervisor I employees was not management. (Docket Nos. 29-3 at 2; 29-4 at 2; 29-5 at 2; 29-6 at 2). Rather, they worked alongside other hourly employees and performed manual labor tasks, such as working on hydraulic fracking pumps and rigging up and down. (Docket Nos. 29-3 at 2; 29-4 at 2; 29-5 at 2; 29-6 at 2). They did not hire or fire employees, recommend the hiring or firing of employees, promote or demote any employees, set employee pay or benefits, or set any budget. (Docket Nos. 29-3 at 2; 29-4 at 2; 29-5 at 2; 29-6 at 2). A field service manager closely monitored the work of Supervisor I employees to ensure that it complied with company standards. (Docket Nos. 29-3 at 2; 29-4 at 2; 29-5 at 2; 29-6 at 2).

The content of the job postings further establishes that management is not the primary duty of Supervisor I employees, as the focus is on manual labor tasks. (Docket Nos. 29-7 at 1; 29-8 at 2, 4, 6, 9). The job postings do not provide that Supervisor I employees perform duties

such as hiring or firing employees; promoting employees or demoting employees; interviewing employees; setting employee pay or benefits; or setting any budgets. (*See* Docket Nos. 29-7, 29-8). Similarly, the skills and experience; qualifications; and education, certifications, licenses, and registrations required for a Supervisor I position do not include prior management experience. (*See* Docket Nos. 29-7 at 1-2; 29-8 at 2, 4-7, 9). The job postings are uniform for the following locations: Mansfield and Mount Pleasant, Pennsylvania; Midland, Texas; Odessa, Texas; and Williston, North Dakota. (*See* Docket Nos. 29-7, 29-8).

Having carefully reviewed the record in this matter, the evidence offered by Plaintiffs suffices at this first stage of certification to demonstrate that Supervisor I employees are similarly situated. *See, e.g.*, *Carr v. Flowers Foods, Inc.*, No. 15-6391, 2017 U.S. Dist. LEXIS 11347, at *10-11 (E.D. Pa. Jan. 9, 2017) (granting conditional certification where the plaintiffs shared the same jobs titles, responsibilities, training, and performance standards; worked more than forty hours per week; and were not paid overtime for excess hours); *Rocha v. Gateway Funding Diversified Mortg. Servs., L.P.*, No. 15-CV-482, 2016 U.S. Dist. LEXIS 71494, at *29 (E.D. Pa. June 1, 2016) (noting that the plaintiffs "need not adduce evidence from employees located in every state in which [the defendant] operates" and concluding that they satisfied their burden to show that there were similarly situated persons who may desire to opt into the litigation); *Vasil v. Dunham's Athleisure Corp.*, No. 14-CV-690, 2015 U.S. Dist. LEXIS 162872, at *11 (W.D. Pa. Dec. 4, 2015) (granting conditional certification because there was "some evidence that a number of employees working under a facial classification of exempt employees within defendant's workforce might have been required to work under circumstances that violated the FLSA and in a manner that will support a finding that the employees were similarly situated"); *Lucke v. PPG Indus.*, No. 13-CV-966, 2013 U.S. Dist. LEXIS 176293, at *10 (W.D. Pa. Dec. 16,

2013) (holding that the plaintiff's single affidavit "sets forth sufficient facts to show that there are similarly situated employees with regard to job requirements, job titles, hours of work and pay structures"); *Hively v. Allis-Chalmers Energy, Inc.*, No. 13-CV-106, 2013 U.S. Dist. LEXIS 158415, at *14 (W.D. Pa. Nov. 5, 2013) (granting conditional certification because the plaintiffs' declarations established the defendants' common business policies and compensation practices).

The Court further finds that the cases upon which Defendants rely in support of their motion are distinguishable. Within the United States Court of Appeals for the Third Circuit, Defendants primarily rely upon *Bramble v. Wal-Mart Stores, Inc.*, No. 09-CV-4932, 2011 U.S. Dist. LEXIS 39457 (E.D. Pa. Apr. 12, 2011), and *Moore v. PNC Bank, N.A.*, No. 12-CV-1135, 2013 U.S. Dist. LEXIS 74845 (W.D. Pa. May 29, 2013). (*See* Docket No. 34 at 6-8, 11-13, 15, 19). This Court has previously concluded that *Bramble* and *Moore* are inapplicable to cases such as the instant one because they both involved plaintiffs who had proffered little evidence to support certifying classes of thousand. *Hively*, 2013 U.S. Dist. LEXIS 158415, at *15-19. Here, as in *Hively*, Plaintiffs have supplied evidence that shows uniform business practices and goes beyond mere allegations that the class is similarly situated. *See id.* Indeed, Plaintiffs have provided declarations from individuals who have worked in Pennsylvania, West Virginia, Texas, New Mexico, and North Dakota, as well as job postings for Pennsylvania, Texas, and North Dakota. (Docket Nos. 29-3 at ¶ 3, 29-4 at ¶ 3, 29-5 at ¶ 3, 29-6 at ¶ 4, 29-7, 29-8). Accordingly, Plaintiffs' Motion for Conditional Certification will be granted. Given the Court's ruling, the Court will order the parties to meet and confer in an effort to finalize the content and form of an appropriate notice in accordance with this decision and to submit a joint proposal for the Court's consideration.

V.   CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Conditional Certification, (Docket No. [28]), is GRANTED.  An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date:   June 6, 2017

cc/ecf:  All counsel of record.