IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| **CHRISTOPHER MEALS,** On Behalf of Himself and All Others Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>**KEANE FRAC GP, LLC;**<br>**KEANE FRAC, LP; and**<br>**KEANE GROUP HOLDINGS, LLC,**<br><br>Defendants. | Civil Action No. 2:16-cv-01674-NBF |

## ADDENDUM TO COLLECTIVE ACTION SETTLEMENT AGREEMENT

This Addendum to Collective Action Settlement Agreement resolves the matter captioned *Meals v. Keane Frac GP, LLC et al.*, No. 2:16-cv-01674 (W.D. Pa.) and is entered into between the Named Plaintiff Christopher Meals ("Plaintiff"), on the one hand, who represents the individuals who have been added to the class list since July 2017, agree to participate in the Action, and Defendants Keane Frac GP, LLC, Keane Frac, LP, and Keane Group Holdings, LLC ("Defendants") on the other hand.

## FACTUAL BACKGROUND AND RECITALS REGARDING THE ADDENDUM

1. Plaintiff filed the Action in the United States District Court for the Western District of Pennsylvania on November 4, 2016.

2. In November and December 2016, and January 2017, Plaintiff and Defendant discussed the Action in depth including Plaintiff's claims and Defendant's defenses. Defendant produced compensation and employment information for Plaintiff and others so that the Parties could more fully discuss and evaluate the claims and defenses. Defendant answered the Complaint on November 30, 2016.

1

3. The Parties attended a full-day mediation session in Atlanta on June 6, 2017 with Hunter Hughes, a nationally respected mediator in complex wage and hour collective and class action litigation. Defendants had provided appropriate payroll information to Plaintiff's counsel concerning the putative class.

4. On July 18, 2017, this Court approved the Parties' Settlement Agreement (after full and complete briefing, and a hearing) as a fair and reasonable resolution of a *bona fide* dispute in this litigation. (Docs. 51-52).

5. During the course of administering the Settlement, the Parties discovered there were individuals who had been inadvertently omitted from that FLSA Class Member settlement list due to a coding issue where only the individual's current job title was listed. Several of the individuals omitted reached out to Plaintiff's and/or Defendant's counsel asking why they were not included in the Settlement. Defendants then discovered the error and the Parties reached this Agreement. This Supplemental Settlement Agreement provides the omitted individuals ("Added FLSA Class Members") the same settlement benefits received by the FLSA Class Members which this Court previously approved.

## TERMS OF THE AGREEMENT

In consideration of the mutual promises herein contained and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Definitions.** The following terms have the following meanings:

"**Administrator**" means Analytics LLC.

"**Action**" means the above-captioned collective action lawsuit.

"**Agreement**" means this "Addendum to Collective Action Settlement Agreement."

"**Class Counsel**" means Rowdy Meeks Legal Group LLC

"**Added FLSA Class Members**" means all individuals listed in Exhibit A.

"**Court**" means the United States District Court for the Western District of Pennsylvania.

"**Defendant**" means Keane Group Holdings, LLC, Keane Frac, LP, and Keane Frac GP, LLP.

"**Defense Counsel**" means Gardere Wynne Sewell LLP.

"**Effective Date**" means the date this Court approves the Addendum to the Collective Action Settlement and/or dismisses this Lawsuit. This Settlement shall be deemed final and effective immediately upon the Court's entry of an Order dismissing the Lawsuit.

"**FLSA Weeks**" means the number of weeks the Added FLSA Class Member worked and was not paid any overtime compensation as a Frac Supervisor I for Defendant during the applicable FLSA statute of limitations period for the FLSA Weeks set forth in the Spreadsheet (as defined below).

"**Gross Settlement Amount Regarding Additional Plaintiffs**" means the amount of $590,083.42. This amount will cover the settlement allocations to the Added FLSA Class Members, attorneys' fees and costs, and the Administrator's costs, such that Defendant's settlement liability for the Added FLSA Class Members shall not exceed the sum of $590,083.42 except for Defendant's share of the required payroll taxes. Defendant shall pay its employer's share of the required payroll taxes in addition to the $590,083.42 amount.

"**Approval Date**" means the date the Court enters an Order approving the Addendum to the Settlement.

"**Net Settlement Amount Regarding Additional Plaintiffs**" means $590,083.42 *minus* any Court-approved attorney's fees and expenses, and **minus the Administrator's expenses to administer the Lawsuit.**

"**Notice Form**" means the document attached as Exhibit B.

"**Participating Additional FLSA Class Members**" means all Additional FLSA Class Members who cash their settlement checks.

"**Parties**" refers jointly to Plaintiff and Defendant.

"**Plaintiff**" means Christopher Meals.

"**Released Parties**" means Defendant and any of its parents, franchisors, partners, subsidiaries, affiliates, predecessors, agents, employees, successors, heirs, spouses, administrators, executors, partners, assigns, representatives, or other persons or entities acting on its behalf.

"**Relevant Time Period**" means the time period during the applicable FLSA statute of limitations which an Added FLSA Class Member worked and was not paid any overtime as a Frac Supervisor I for Defendant for the FLSA Weeks set forth in the Spreadsheet (as defined below).

"**Additional Settlement**" means the terms and conditions described in this Agreement.

2.  **Settlement Fund and Allocation.**

    A.  <u>Settlement Fund Allocation</u>. Each Added FLSA Class Member shall be allocated a proportionate share of the Net Settlement Amount Regarding Additional Plaintiffs (the "Additional FLSA Class Member Fund").

    B.  <u>Allocation of the FLSA Class Member Fund</u>

        (i) Each Added FLSA Class Member shall be allocated the same minimum dollar amount of $1,000 from the Additional FLSA Class Member Fund ("Additional Minimum FLSA Class Member Allocation") plus their "Additional Individual FLSA Class Member Share" (together, the "Additional Individual FLSA Class Member Allocation").

4

(ii) The Additional FLSA Class Member Fund, less the sum of each Additional FLSA Class Member's "Minimum FLSA Class Member Allocation," shall equal the "Net Additional FLSA Class Member Fund."

(iii) The "Additional Individual FLSA Class Member Share" of the "Net FLSA Class Member Fund" shall be determined using the following formula:

1. **Calculate Each Additional FLSA Class Member's Points.** For each Added FLSA Class Member, multiply the Member's average weekly compensation during the Relevant Time Period in weeks he or she was not paid any overtime compensation by the total number of his or her FLSA Weeks worked without payment of overtime compensation during the Relevant Time Period. For each Added FLSA Class Member who worked in Pennsylvania, multiply the result by 1.25. The result for each Added FLSA Class Member is the "Additional FLSA Class Member's Points."

2. **Calculate "Net Share Per Point."** Add up each of the "Additional FLSA Class Member's Points" to determine the "Total Additional FLSA Class Member Points." Divide the Net Additional FLSA Class Member Fund by the "Additional FLSA Class Member Points." The result is the "Net Share Per Point."

3. **Calculate Each FLSA Class Member's Share.** For each Added FLSA Class Member, multiply the "Additional FLSA Class Member's Points" by the "Net Share Per Point" to determine the "Individual Added FLSA Class Member Share."

C. <u>Attorneys' Fees and Expenses</u>. Class Counsel will seek (and Defendant will not oppose) Court approval of fees or $147,509.79 as attorney's fees and shall include any additional Settlement administration fees. The Settlement is *not* contingent upon the Court's approval of this amount. Within 10 business days after the Effective Date, the Administrator will wire to Class Counsel an amount equaling any Court-approved fees and expenses. The Administrator will issue Class Counsel one or more IRS Forms 1099 for the attorneys' fees and costs paid under this Agreement. Class Counsel is solely responsible for the payment of any taxes associated with any payment of attorney fees and/or expenses to Class Counsel.

D.      <u>Settlement Administration Expenses</u>.  The Settlement will be administered by a third-party administrator, Analytics LLC ("Administrator"). Reasonable fees and expenses of the Administrator shall be deducted from the Gross Settlement Amount Regarding Additional Plaintiffs. The Administrator has agreed to a reasonable "not to exceed" cap of $250.00 for all fees and expenses for settlement administration work.

3.      **Maximum Gross Settlement Amount.**  Defendant's total payment under this Addendum to Settlement will not under any circumstances exceed $590,083.42 except that Defendant shall also be responsible for Defendant's portion of FICA/medicare wage withholdings on the portion of the Net Settlement Amount Regarding Additional Plaintiffs from which withholdings are made. The Administrator shall notify Defendant of that amount, and Defendant shall remit it to the Administrator who shall properly report and pay those amounts. Defendant will wire this entire $590,083.42 amount to the Administrator within 7 business days after the Effective Date. Additionally, the Administrator shall notify Defendant of the amount needed to cover the Defendant's portion of FICA/medicare withholdings which Defendant shall wire to the Administrator within 3 business days from the date Defendant receives such notification.

4.      **Condition Precedent.**  This Settlement is conditioned on the passage of the Effective Date.

5.      **Release.**  As of the Effective Date, each Additional Participating FLSA Class Member (on behalf of himself/herself and his/her heirs, spouses, administrators, executors, assigns, and representatives) releases and forever discharges the Released Parties from all legal or equitable overtime claims arising from November 4, 2013 to the Effective Date while the Additional Participating FLSA Class Member worked in the FLSA Workweeks in the Spreadsheet, and either asserted in or reasonably related to the Action, including such overtime claims under

the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment & Collection Law, 43 P.S. §§ 260.1, *et seq.*, the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, or any other federal, state, or local statute, regulation, rule, or common law theory.

6. **Approval Motion.** No later than 3 business days after the execution of this Agreement, Class Counsel will file with the Court an unopposed joint motion seeking, *inter alia*, entry of an order approving the Settlement and dismissing the Action.

7. **Class Notice and Settlement Administration.**

A. Calculation of Payment Amounts for Each Added FLSA Class Member. No later than 7 business days after the Effective Date of this Agreement but in no event earlier than October 31, 2017, Defendant will provide to Class Counsel and the Administrator an electronic Excel spreadsheet listing each Added FLSA Class Member's name, state of employment, last known residential address, the number of FLSA Weeks worked for Defendant while in a Frac Supervisor I job and not paid overtime from the start of the applicable three year statute of limitations through the date of Approval, and the average rate of pay for each Added FLSA Class Member while in a Frac Supervisor I position while not paid overtime (the "Spreadsheet"). The Parties shall provide the Administrator with all necessary cooperation, including but not limited to the execution of all documents necessary to administer the Settlement. Defendant will provide any other information to Class Counsel and the Administrator necessary to enable it to perform the calculations described in Paragraphs 2(A)-2(B) and to obtain current contact information

B. Review of Payment Amount Calculations. Within ten (10) business days of receipt of the Spreadsheet and any other information identified in the previous subparagraph, the Administrator shall calculate the settlement allocations pursuant to the formulas provided in Paragraphs 2(A)-2(B) of this Agreement, and the Administrator shall provide the calculations to

Class Counsel and Defendant's Counsel. Class Counsel and Defense Counsel will review the calculations for accuracy and cooperate in good faith to resolve any calculation errors within no later than ten (10) business days.

    C.    <u>Distribution of Settlement Payments</u>. As soon as practicable and pursuant to the settlement allocations calculated in accordance with the formulas in Paragraphs 2(A)-2(C) of this Agreement, the Administrator shall issue the Settlement Notice, settlement checks to the FLSA Class Members, and the service payment check to Plaintiff.

The back of each check will contain the following language:

"I understand that, by endorsing this check, I agree to: (A) become a party plaintiff to the federal Fair Labor Standards Act ("FLSA") lawsuit entitled Meals v. Keane Frac GP, LLC, et. al., 2:16-cv-1674-NBF (U.S.D.C. W.D. Pa.), and (B) release any FLSA and/or Pennsylvania Minimum Wage Act overtime claims I may have against Keane Frac GP, LLC, Keane Frac, LP, Keane Group Holdings, LLC or any of its officers, agents, or affiliates in my job as a Frac Supervisor I for the FLSA Workweeks for which my overtime was calculated from November 4, 2013 to [date of settlement approval]."

If any settlement check or replacement settlement check remains uncashed 120 calendar days after issuance, the Administrator will stop payment on the check and revert all associated funds to Keane Group Holdings, LLC. Within 125 calendar days after issuance, the Administrator will provide to Class Counsel and Defense Counsel copies of the back of each check, as endorsed by the recipient, and Class Counsel will promptly file a list of the Additional Participating FLSA Class Members with the Court.

    D.    <u>Undeliverable Settlement Materials.</u> If materials sent to an Added FLSA Class Member are returned as undeliverable, the Administrator shall promptly undertake reasonable

steps to determine the Added FLSA Class Member's current address and, if an additional address is located, to send the materials to the updated address.

    E.    <u>Tax Treatment of Payments to Participating FLSA Class Members.</u> For individual settlement allocations as set forth in Paragraph 2(A)-2(B) above, fifty percent (50%) of the amount(s) paid to each Additional Participating FLSA Class Member under this Agreement shall be reported by the Administrator as wages to the appropriate taxing authorities on a Form W-2 issued to the Additional Participating FLSA Class Member with his or her taxpayer identification number, and shall be subject to deductions for applicable taxes and withholdings as required by federal, state, and local law. The remaining fifty percent (50%) of the amount(s) paid to each Additional Participating FLSA Class Member will be allocated to liquidated damages, interest, and/or penalties, and reported by the Settlement Administrator as non-wage income to the appropriate taxing authorities on a Form 1099 issued to the Additional Participating FLSA Class Member. The service payment will be treated as non-wage income and reported by the Administrator to the appropriate taxing authorities on a Form 1099 issued to Plaintiff. The Settlement Administrator will be responsible for issuing the appropriate W-2 and 1099 forms. Each Participating FLSA Class Member shall be responsible for any taxes associated with the Form 1099 payment.

    8.    **Cooperation Clause.** The Parties agree to cooperate in good faith to effectuate the Settlement of the Action, including securing the Court's approval of the Agreement/dismissal of the Action, assisting with the administration of the Settlement in accordance with the terms of this Agreement, and obtaining a final judgment.

    9.    **Court Retains Jurisdiction to Enforce Agreement.** The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreement, to

the extent permitted by law, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Agreement. Any action to enforce this Agreement shall be commenced and maintained only in this Court.

10. **Entire Agreement.** This Agreement embodies the entire agreement between the Parties which controls over any prior communications regarding the Settlement. In entering into the Settlement, no Party has relied on any representations not explicitly contained in this Agreement.

11. **Successors.** The Settlement and this Agreement will inure to the benefit of and be binding upon the Parties' heirs and successors.

12. **No Admissions.** Nothing in this Agreement constitutes an admission or suggestion of liability by any Party. Defendant denies any wrongdoing and continues to assert that, absent this Settlement, they ultimately would prevail in the Action.

13. **Court Approval Not Obtained.** If the Court does not approve the Settlement, the Parties' litigation positions will return to the *status quo ante* and, for example, Defendant will not have waived, compromised, or impacted any objections or defenses to Plaintiff's claims or the propriety of class-wide litigation.

14. **Duty to Defend.** The Parties and their counsel will support the Agreement against any legal challenge.

15. **Warranty of Authority.** Each signatory to this Agreement warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party that he/she purports to represent.

16. **Evidentiary Privilege.** This Agreement and all associated negotiations are covered by Federal Rule of Evidence 408.

17.     **Applicable Law.** This Agreement is governed and construed pursuant to Texas law.

18.     **Written Modifications.** This Agreement may not be modified except by a written agreement signed by all Parties and approved by the Court.

19.     **Execution.** This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement. The exchange of copies of this Agreement and of signature pages by facsimile transmission or other electronic means will constitute effective execution and delivery of this Agreement as to the Parties and may be used in lieu of the original Agreement for all purposes. Signatures of the Parties transmitted by facsimile or other electronic means will be deemed to be their original signatures for any purpose whatsoever.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

DocuSigned by:
_[signature]_
2E9794AAF48B45A...
Plaintiff

10/23/2017
Date

_____
For Defendant

_____
Date

17. **Applicable Law.** This Agreement is governed and construed pursuant to Texas law.

18. **Written Modifications.** This Agreement may not be modified except by a written agreement signed by all Parties and approved by the Court.

19. **Execution.** This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement. The exchange of copies of this Agreement and of signature pages by facsimile transmission or other electronic means will constitute effective execution and delivery of this Agreement as to the Parties and may be used in lieu of the original Agreement for all purposes. Signatures of the Parties transmitted by facsimile or other electronic means will be deemed to be their original signatures for any purpose whatsoever.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_____          _____
Plaintiff                                Date

_____/s/ Kevin McBurnly_____          ___10/23/17_____
For Defendant                            Date

Reviewed and approved as to form by counsel:

                      **Rowdy Meeks Legal Group LLC**

Date: 10/23/2017      By: *Rowdy Meeks* (DocuSigned)
                      Printed Name: Rowdy B. Meeks
                      Attorneys for Plaintiff and Additional Participating FLSA Class Members

                      **Gardere Wynne Sewell LLP**

Date: _____      By: _____
                      Printed Name: Carrie B. Hoffman
                      Attorneys for Defendant

Reviewed and approved as to form by counsel:

                        **Rowdy Meeks Legal Group LLC**

Date: _____  By: _____
                        Printed Name:  Rowdy B. Meeks
                        Attorneys for Plaintiff and Additional Participating
                        FLSA Class Members

                        **Gardere Wynne Sewell LLP**

Date: _____  By: _____*Carrie Hoffman*_____
                        Printed Name:  Carrie B. Hoffman
                        Attorneys for Defendant